```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA,               :      19cr0447 (DLC)
                                        :
          -v-                           :      MEMORANDUM OPINION
                                        :          AND ORDER
SADI FOFANA,                            :
                                        :
                    Defendant.          :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On March 24, 2020, the defendant moved for reconsideration of this Court's March 18 Order denying his request for release from the Metropolitan Correctional Center ("MCC") pending his May 8, 2020 sentencing on account of the COVID-19 outbreak. The Government opposes the defendant's release. The defendant's application is denied.

Following his February 5 admission to specifications of violation of probation, the defendant was scheduled to be sentenced on March 4, 2020. At the March 4 sentencing proceeding, after the Court indicated that it was considering the guidelines range of between 12 to 18 months that applied at the time the defendant was originally sentenced on October 4, 2019, the defendant requested an adjournment to submit additional information for the Court's consideration. That submission was due March 16.

On March 15, the Court ordered the parties to confer as to whether the March 19 sentencing should be adjourned in light of the COVID-19 outbreak.  On March 16, defense counsel responded stating inter alia that he did "not oppose the Court's decision to adjourn" the March 19 sentencing.  Defense counsel also requested that the defendant be released on bail pending sentencing.  On March 17, the Government consented to the adjournment but opposed the application for bail.  On March 18, the sentencing was adjourned to May 8, and the defendant's request for bail was denied.

In arguing for his release, the defendant cites 18 U.S.C. § 3142(f), which allows for the reopening of a pretrial detention hearing upon new information -- here, the spread of COVID-19.  But, in this case, a sentencing proceeding is already underway.  Thus, it is Section 3143(a), not Section 3142(f), that governs.  Pursuant to Section 3143(a)(1), a defendant awaiting sentencing shall be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released."  18 U.S.C. 3143(a)(1).  This statute thus "establishes a presumption in favor of detention" that the

"defendant must rebut . . . with clear and convincing evidence."[1] United States v. Abuhamra, 389 F.3d 309, 319 (2d Cir. 2004).

At the defendant's October 2019 sentencing, before imposing a term of five years of probation, the Court advised the defendant that if he violated the terms of his probation, he "would come back before [the Court], and [the Court] could impose at that time any sentence that [the Court] could impose today." Again, the Court emphasized to the defendant that it "could impose a sentence of one, two, or three years, or something even more." Despite these warnings, the defendant has been unable to conform to the requirements of supervision.

None of the arguments made in the defendant's March 24 motion warrant reconsideration of the Court's March 18 Order.

---

[1] Because the defendant requested reconsideration of the Court's March 18 Order, it is governed by Local Criminal Rule 49.1 ("Rule 49.1"). Rule 49.1 provides that "[a] motion for reconsideration or reargument of a Court order determining a motion shall be filed and served within fourteen (14) days after the Court's determination of the original motion. A memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked shall accompany this motion." Local Crim. R. 49.1(d). Although courts within the Second Circuit have applied the civil standard for motions for reconsideration to Rule 49.1 motions, the Court of Appeals has not addressed this issue. See, e.g., United States v. Lisi, No. 15cr457 (KPF), 2020 WL 1331955, at *1-2 (S.D.N.Y. March 23, 2020). Because the defendant has failed to meet the standard set forth in 18 U.S.C. § 3143(a), this Court need not address what gloss may be added by Local Criminal Rule 49.1(d).

The defendant's request for release pending his sentencing on May 8, therefore, is denied.

Dated:   New York, New York
         March 30, 2020

                                  _____
                                         DENISE COTE
                                  United States District Judge